Filed 5/6/15  P. v. Deremer CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>NICKOLAS E. DEREMER,<br><br>    Defendant and Appellant. | A143483<br><br>(Humboldt County<br>Super. Ct. Nos. CR1200283,<br>CR1201996A, CR1401786) |

Nickolas Deremer entered pleas of guilty to drug offenses in three separate cases. He appeals from sentences imposed after conviction on the most recent offense and his admission that mandatory supervision terms were violated on the two earlier offenses. Assigned counsel submitted a *Wende*[1] brief, certifying that counsel was unable to identify any issues for appellate review.  Counsel also submitted a declaration confirming that Deremer was advised of his right to personally file a supplemental brief raising any points which he wishes to call to the court's attention.  Deremer did not submit such a brief.  As required, we have independently reviewed the record.  (*People v. Kelly* (2006) 40 Cal.4th 106, 109–110.)  We found apparent sentencing error, including calculation of custodial credits, and requested briefing from the parties.  We remand for recalculation of custodial credits and correction of the abstract of judgment to reflect appropriate credits.

---

[1] *People v. Wende* (1979) 25 Cal.3d 436.

1

## BACKGROUND

Deremer did not obtain a certificate of probable cause (Pen. Code, § 1237.5; Cal. Rules of Court, rule 8.304(b)), and no cognizable issues are before us relating to his guilt or to his pleas. (*People v. Mendez* (1999) 19 Cal.4th 1084, 1097, 1099; *People v. Panizzon* (1996) 13 Cal.4th 68, 74.) His appeal is only from his "sentence or other matters occurring after the plea." Facts underlying his three offenses are therefore irrelevant, and we limit our discussion to the procedural history.

In case No. CR1200283, Deremer entered a guilty plea to one felony count of possession of a controlled substance (Health & Saf. Code, § 11350).[2] On April 18, 2012, imposition of sentence was suspended, and Deremer was placed on Proposition 36 probation for a term of three years, with a condition of 181 days in the county jail. He received sentence credits for 91 days of actual custody, and 90 days of conduct credits. As far as the record shows, no appeal was taken. On May 17, 2012, Deremer entered a guilty plea to a new felony charge of possession of a controlled substance (§ 11350) in case No. CR1201996A. He admitted violating probation in case No. CR1200283. On August 6, 2012, he was placed on Proposition 36 probation in case No. CR1201996A for a term of three years, with imposition of sentence suspended.

On December 7, 2012, Deremer admitted violating his probation in both matters, and probation was reinstated on each. On May 6, 2013, he again admitted probation violations in each case, resulting in revocation and termination of probation. Sentence was imposed on both cases. In case No. CR1200283, the court imposed the upper term of three years in county jail (Pen. Code, § 1170, subd. (h)), with one year suspended. A suspended consecutive sentence of eight months (one-third of the midterm) was imposed in case No. CR1201996A. Deremer's resulting custodial term was two years in county jail, with an additional term of one year and eight months on mandatory community supervision following his release. He received credit for 172 days of actual custody and 172 days conduct credits. Deremer was released on mandatory supervision on

---

[2] Undesignated statutory references are to the Health and Safety Code.

December 9, 2013. On April 16, 2014, a petition was filed to revoke mandatory supervision and alleged that Deremer admitted using heroin, failed to report to the probation department, and had been arrested on new charges.

On April 22, 2014, Deremer entered a guilty plea in case No. CR1401786 to one felony count of possession of a controlled substance for sale (§ 11351). He also admitted violations of his mandatory supervision conditions in his two prior cases. Pursuant to the terms of his plea agreement, Deremer was sentenced to the midterm of three years on his new offense, and concurrent two-year terms on each of the earlier cases. Fines, fees and credits were determined, and imposed without objection.

The abstract of judgment mistakenly committed Deremer to the Department of Corrections and Rehabilitation, and he was returned as ineligible.[3] On return, Deremer asked that he be given a "terminal sentence," i.e., an entirely custodial sentence without postrelease community supervision (PRCS).[4] On October 16, 2014, the court remanded Deremer to the county jail to serve his sentence.

On October 24, 2014, the matters were returned to the court's calendar for clarification of sentencing, including appropriate custody credits. The court confirmed the sentences previously imposed: a midterm of three years on the section 11351 offense in case No. CR1401786, and concurrent midterm sentences of two years on the § 11350 offenses in case Nos. CR1200283 and CR1201996A. The court calculated Deremer's accrued custodial credits to be a total of 489 days as of October 16, 2014—186 actual days, 186 days conduct credit, and 117 days credit under mandatory supervision. The court confirmed that Deremer's sentence was not "split" and involved no postrelease

---

[3] Pursuant to the Criminal Justice Realignment Act of 2011 (Stats. 2011, 1st Ex. Sess. 2011–2012, ch. 12, § 1; Pen. Code, § 1170, subd. (h)), low-level felony offenders (no current or prior convictions for serious, violent or other specified offenses) are to serve their sentences in county jail or under a so-called "split" sentence in which part is served in county jail and part is served under county probation supervision. (Pen. Code, §§ 17.5, subd. (a)(5), 1170, subd. (h)(1)–(3), (5).)

[4] Deremer was advised at the time of his plea that he would be subject to a three-year period of PRCS. Mandatory PRCS applies only to terms served in state prison. (See Pen. Code, § 3451.)

supervision. The court did not differentiate the offenses to which credits applied. A new abstract of judgment, however, simply restated the custody credits set forth in the April 24, 2014 abstract of judgment: total custodial credits of 270 days on the section 11350 offenses, and 18 days on the section 11351 offense. A timely notice of appeal was filed on October 20, 2014.

On February 6, 2015, pursuant to Proposition 47,[5] the court resentenced Deremer on the section 11350 offenses in case Nos. CR1200283 and CR1201996A, reducing the offenses to misdemeanors and deeming those sentences served.[6] The court declined to resentence Deremer in case No. CR1401786.

## DISCUSSION

As an initial matter, clearly no arguable issues exist as to sentencing in case Nos. CR1200283 and CR1201996A. Any possible issues were rendered moot by the February 6, 2015 resentencing and Deremer's completion of those terms. As to his remaining felony matter, the custodial term was set by the terms of his plea agreement, and Deremer may not challenge a negotiated sentence imposed as part of a plea bargain without first seeking and obtaining a probable cause certificate to attack the plea agreement itself. (See *People v. Panizzon, supra,* 13 Cal.4th at p. 79.) The court correctly imposed fines, fees, and penalties without objection. The only question is whether Deremer received proper custodial credits on case No. CR1401786. It appears

---

[5] Proposition 47, the voter-enacted Safe Neighborhoods and Schools Act, became effective as November 5, 2014 (Cal. Const., art. II, § 10, subd. (a)). Among other things, Proposition 47 classified certain drug- and theft-related offenses as misdemeanors that had been previously felonies or "wobblers," unless committed by certain ineligible defendants. Proposition 47 also created a new resentencing provision regarding persons serving felony sentences for a reclassified offense; such persons may petition for recall of their sentence and request resentencing. (Pen. Code, § 1170.18, subd. (a).)

[6] We grant Deremer's March 24, 2015 request to take judicial notice of the February 6, 2015 clerk's minutes of this hearing. (Evid. Code, § 452, subd. (d) [judicial notice may be taken of "[r]ecords of . . . any court of this state"].) The records are relevant to our determination of whether any arguable issues are presented for review.

4

that either under the court's October 24, 2014 colloquy, or under the abstract of judgment prepared on that date, he did not.[7]

Deremer was arrested on April 14, 2014.  As of April 22, the time his sentence was first imposed, Deremer had total custodial credit of 18 days attributable to case No. CR1401786 (nine days actual, nine days conduct), as articulated in the court's colloquy and reflected in the abstract of judgment.  Deremer made no objection to this calculation.  (See Pen. Code, § 1237.1.)[8]  Calculated as of October 16, 2014, he had additional actual custody time of 186 days, and presumably had equal conduct credit of 186 days (Pen. Code, § 4019), totaling 372 days.  The court also appears from the colloquy to have awarded an additional 117 days custodial credit for his period of mandatory supervision.  That credit was properly attributable to case Nos. CR1200283 and CR1201996A, but had no relation to case No. CR1401786.

Penal Code section 2900.5 governs the award of presentence custody credits: "(a) In all felony and misdemeanor convictions, either by plea or by verdict, when the defendant has been in custody, . . . all days of custody of the defendant, including days served as a condition of probation in compliance with a court order, [and days] credited to the period of confinement pursuant to Section 4019, . . . shall be credited upon his or her term of imprisonment . . . .  If the total number of days in custody exceeds the number of days of the term of imprisonment to be imposed, the entire term of imprisonment shall be deemed to have been served. . . . [¶] (b) For the purposes of this section, credit shall be given only where the custody to be credited is attributable to proceedings related to the same conduct for which the defendant has been convicted.  Credit shall be given only

---

[7] On April 15, 2015, we requested briefing from the parties as to calculation of Deremer's custodial credits and the appropriate remedy when both the court's colloquy and abstract of judgment appear erroneous.

[8] "No appeal shall be taken by the defendant from a judgment of conviction on the ground of an error in the calculation of presentence custody credits, unless the defendant first presents the claim in the trial court at the time of sentencing, or if the error is not discovered until after sentencing, the defendant first makes a motion for correction of the record in the trial court."  (Pen. Code, § 1237.1.)

once for a single period of custody attributable to multiple offenses for which a consecutive sentence is imposed." As our Supreme Court has noted, however, " 'in what is surely an understatement, "[c]redit determination is not a simple matter." ' [Citation.]" (*In re Marquez* (2003) 30 Cal.4th 14, 19.) Application of section 2900.5 " 'is clear when the conduct that led to the conviction and sentence was the sole cause of the custody to be credited. But difficult problems arise when, as often happens, the custody for which credit is sought had multiple, unrelated causes.' [Citation.]" (*People v. Gonzalez* (2006) 138 Cal.App.4th 246, 252.)

In response to our briefing request, the People argue that Deremer is entitled to 390 days custodial credit (372 days as to all cases, plus 18 days accrued earlier in case No. CR 1401786),[9] and ask us to order amendment of the abstract of judgment without remand. However, our own calculation of credits in our briefing request (in which we assumed the trial court's award of a total of 372 days credit as of Oct. 16, 2014, was correct) already *included* the 18 days of presentence credit. Deremer contends that the amount of days actually credited to case No. CR 1401786 "remains unclear," and suggests remand to the trial court for correction of applicable credits and issuance of an amended abstract of judgment.

We had hoped that the parties' briefing would provide agreement on what should be a straightforward question, allowing expeditious resolution of a matter that has already unnecessarily consumed undue judicial resources. Unfortunately, it has not. Although we could conduct our own recalculation, we reluctantly conclude that we are required to remand to the trial court for resolution of a matter which may be moot by the time the trial court again considers it. "The sentencing court is responsible for calculating the number of days the defendant has been in custody before sentencing and for reflecting the total credits allowed on the abstract of judgment." (*People v. Black* (2009) 176 Cal.App.4th 145, 154.)

---

[9] The People also suggest that Deremer may have served his sentence, in which case the issue would be moot. Absent evidence to the contrary, we presume that the issue is not moot.

## DISPOSITION

The matter is remanded to permit the trial court to determine and award proper custodial credits pursuant to Penal Code sections 2900.5 and 4019, and to correct the abstract of judgment accordingly.

_____
BRUINIERS, J.

WE CONCUR:


_____
JONES, P. J.


_____
SIMONS, J.